■ BROLA HOLDING CORP., as Assignee of MARCELLA STROHLI, Appellant-Respondent, v WALLKILL FARMS HOMEOWNERS ASSOCIATION, INC., et al., Respondents-Appellants.—In an action, *inter alia,* for a judgment declaring that the plaintiff is the owner of 208 shares of and holder of 208 votes in the

Wallkill Farms Homeowners Association, Inc., (1) the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Orange County (Green, J.), dated December 18, 1987, as denied its cross motion for summary judgment, (2) the defendant Wallkill Farms Homeowners Association, Inc., (a) cross-appeals, as limited by its brief, from so much of the order dated December 18, 1987 as denied its motion for summary judgment dismissing the complaint insofar as it is asserted against it, and (b) appeals from so much of an order of the same court, dated February 16, 1988, as denied that branch of its motion which was to amend its answer, and, upon reargument, adhered to the original determination denying its motion for summary judgment, and (3) the defendant Goldome FSB separately (a) cross-appeals, as limited by its brief, from so much of the order dated December 18, 1987, as denied its cross motion for summary judgment dismissing the complaint insofar as it is asserted against it and for summary judgment on its cross claims against Wallkill Farms Homeowners Association, Inc., and (b) appeals, as limited by its brief, from so much of the order dated February 16, 1988, as, upon reargument, adhered to the original determination denying its cross motion for summary judgment dismissing the complaint insofar as it is asserted against it and for summary judgment on its cross claims against Wallkill Farms Homeowners Association, Inc.

Ordered that the order dated December 18, 1987 is reversed insofar as appealed from, on the law, the plaintiff's cross motion for summary judgment is granted, and it is declared that the plaintiff's real property is subject to the terms and conditions of a declaration of covenants and restrictions dated May 1, 1973, that the plaintiff is the holder of 208 shares of and 208 votes in the Wallkill Farms Homeowners Association, Inc., and that the thirteenth amendment to the declaration of covenants and restrictions is null and void; and it is further,

Ordered that the cross appeals from stated portions of the order dated December 18, 1987 are dismissed, as the portions of that order which are cross-appealed from were superseded by the order dated February 16, 1988; and it is further,

Ordered that the order dated February 16, 1988 is modified, on the law, by deleting the provision thereof which, upon reargument, adhered to the original determination with respect to the cross motion of Goldome FSB, and substituting therefor provisions (1) deleting the provision of the order dated December 18, 1987 which denied that branch of the cross motion which was for summary judgment dismissing the

complaint insofar as it is asserted against Goldome FSB, (2) granting that branch of the cross motion, and (3) upon searching the record, dismissing the cross claims of Goldome FSB; as so modified, the order dated February 16, 1988 is affirmed insofar as appealed from; and it is further,

Ordered that the plaintiff and Goldome FSB are awarded one bill of costs, payable by Wallkill Farms Homeowners Association, Inc.

Wallkill Farms Homeowners Association, Inc. has failed to raise a triable issue of fact as to its authority to oust Goldome FSB from its membership. Thus, Goldome FSB and the plaintiff, which is the successor in interest to Goldome FSB, are entitled to summary judgment against Wallkill Farms Homeowners Association, Inc.

We further conclude that a declaratory judgment is sufficient relief in this case. Thompson, J. P., Bracken, Brown and Harwood, JJ., concur.